# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1441V
UNPUBLISHED

| | |
|---|---|
| MADDISON ROWLETT,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 27, 2019<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Hepatitis B (Hep B)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*

*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

### RULING ON ENTITLEMENT[1]

  On September 20, 2018, Maddison Rowlett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her August 18, 2017 Hepatitis B vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 27, 2019, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs ("DICP") have reviewed the petition and medical records filed in this case. Based on that review, DICP has concluded that petitioner suffered a SIRVA of the left shoulder as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder where the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's left shoulder symptoms. 42 C.F.R. §§ 100.3(a), (c)(10).

*Id.* at 5-6. Respondent further agrees that "petitioner suffered the residual effects of her condition for more than six months. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. 42 U.S.C. § 300aa-13." *Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master
